**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| Brown's Chicken & Pasta, Inc., | ) | |
| Debtor | ) | Case No. 09-49094 |
| | ) | Judge: Jacqueline P. Cox |
| | ) | |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on Tuesday, January 5th, 2009, at the hour of 9:30 a.m., I shall appear before the Honorable Jacqueline Cox, or any judge sitting in her stead, in Courtroom 619 of the United States Courthouse, 219 S. Dearborn Street, Chicago, Illinois and then and there present Debtor's Application to Employ Counsel, which is attached.

Respectfully submitted,

By: /s/ Richard N. Golding
Attorney for the Debtor

Richard N. Golding, Esq. (ARDC# 0992100)
Jonathan D. Golding, Esq. (ARDC# 6299876)
THE GOLDING LAW OFFICES, PC
500 N. Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel:  (312) 832-7885
Fax:  (312) 755-5720
Email: rgolding@goldinglaw.net


STATE OF ILLINOIS        )
                         )
COUNTY OF COOK           )


**CERTIFICATE OF SERVICE**


The undersigned hereby certifies that he caused a copy of the attached Debtor's Application to Employ Counsel with attached proposed order to be filed with the Clerk of the U. S. Bankruptcy Court, Northern District of Illinois, using the CM/ECF filing system on this 30th day of December, 2009 and by mailing postage pre-paid with the U. S. Post Office at 500 N. Dearborn Street, Chicago, IL 60654 to:

1

Absolute Vision Productions
1785 W. Cortland Court
Addison, IL 60101

American Express
2965 W. CORPORATE LAKES BLVD
Weston, FL 33331-3626

ANDREAS VLAHOS
1107 JONATHAN DR
INVERNESS, IL 60010

BONNIE L. KENNEFICK
50 W. LESLIE LANE
Villa Park, IL 60181

CATALYST CONSTRUCTION GROUP
2514 W. ARMITAGE SUITE 208
Chicago, IL 60647

Cook County Treasurer
118 N. Clark St., Suite 112
Chicago, IL 60602

DIVINCENZO SCHOENFIELD
SWARTZMAN
33 NORTH LASALLE
29TH FLOOR
CHICAGO, IL 60602

GONNELLA BAKING CO.
2758 EAGLE WAY
Chicago, IL 60678-1027

Illinois Department of Revenue
Retailers Occupation Tax
Springfield, IL 62796

J. Kennefick Consulting, Inc.
27 Briarwood Lane
Indianhead Park, IL 60525

Mt. Prospect Plaza LLC
c/o New Plan MP Mgmt. Co., Inc.
420 Lexington Ave., 7th Flr.
New York, NY 10170

REINHART FOODSERVICE, LLC.
251 CENTRAL AVENUE
UNIVERSITY PARK, IL 60466

SCHMIDT, SALZMAN & MORAN, LTD.
111 WEST WASHINGTON SUITE 1300
Chicago, IL 60602

STEVE ERBY
6455 S. ARTESIAN
Chicago, IL 60629

Thomas Kennefick
50 W. Leslie Lane
Villa Park, IL 60181

Valassis Direct Mail, Inc.
One Targeting Centre
Windsor, CT 06095

VALPAK OF CHICAGO SOUTH
5101 W. 159TH ST.
Oak Forest, IL 60452

WISHING WELL PLAZA C/O Z.
BRODKIN
1515 ASTOR ST.,#25-C
Chicago, IL 60610

By: /s/ Richard N. Golding

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **IN RE:** ) | **Chapter 11** |
| ) | |
| Brown's Chicken & Pasta, Inc**.** ) | |
| ) | **Case No. 09-49094** |
| **Debtor** ) | |
| ) | |
| ) | |
| ) | **Honorable Jacqueline P. Cox** |
| ) | |
| ) | |

**IN DEBTOR'S APPLICATION TO EMPLOY COUNSEL**

NOW COMES Brown's Chicken & Pasta, Inc., an Illinois corporation, Debtor, ("Debtor") pursuant to §327 of the United States Bankruptcy Code and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure, move this Court for the entry of an order authorizing it to employ Richard N. Golding Esq., Jonathan D. Golding Esq., and the firm of The Golding Law Offices, P.C. as Debtor's attorneys, and in support thereof respectfully states as follows:

**I     BACKGROUND AND JURISDICTION**

1. On December 29, 2009, Debtor filed his voluntary petition for relief under Chapter 11 of Title 11, United States Code ("Code"). Debtor has continued to operate its business and manage its business affairs as a Debtor-in-Possession pursuant to §1107 and §1108 since that date.

2. No official committee of unsecured creditors has been appointed in this Chapter 11 case.

3, This Court has jurisdiction over this motion pursuant to 28 U.S.C. §1334 and General Rule 2.33 of the Local General Rules of the United States District Court for the

3

Northern District of Illinois. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (N). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §§ 327 and 329 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

## II      RELIEF REQUESTED

4.    Debtor desires to employ Richard N. Golding Esq., Jonathan D. Golding Esq. and The Golding Law Offices, P.C., as Debtor's attorneys herein, together with any attorneys employed by said firm, from time to time, as he may select to work with him, upon general retainer. Richard N. Golding is duly admitted to practice in this court and has the experience in matters of this character and is qualified to represent the Debtor herein.

5.    Debtor has selected Richard N. Golding and Jonathan D. Golding because (a) they have extensive experience in bankruptcy law and practice and (b) they are familiar with Debtor' business and financial condition. Accordingly, Debtor believes that said attorneys are well qualified to represent the Debtor-in-possession in this case.

6.    Debtor is unfamiliar with the law and procedures relating to Chapter 11 of the Code. It is therefore in the Debtor's best interests and the best interests of the Debtor's estate and creditors that it be authorized to retain said attorneys upon a general retainer to represent it in connection with this case.

## III      SERVICES TO BE RENDERED

**7**.    The Debtor will be requiring its attorneys to perform, among other things, the following services:

(a)    To give Debtor legal advice with respect to Debtor's rights, powers and duties as Debtor-in Possession; and

    (b)    To assist Debtor in negotiation and formulation and ultimate confirmation of a plan of reorganization that deals with all creditors, including the preparation and dissemination of the disclosure statement; and

    (c)    To examine and investigate claims asserted against the Debtor; and

    (d)    To take such actions as may be necessary with reference to the claims asserted against the Debtor; and

    (e)    To investigate, advice and inform Debtor about and take action as may be necessary to collect and, in accordance with applicable law, recover or sell for the benefit of the estate, the property of the Debtor; and

    (f)    To prepare, on behalf of the Debtor, all necessary and appropriate applications, motions, pleadings, orders, reports and other legal papers as may be necessary or required in connection with this case; and

    (g)    To perform all other legal services for the Debtor that may be necessary or appropriate in this case.

8.    (a)    Debtor has been advised by Richard N. Golding and Jonathan D. Golding that their compensation would be based upon their customary hourly rates applicable to their client's generally and would be an expense of the estate. Prior to filing this case under Chapter 11 of the Code, Debtor paid to The Law Offices of Richard N. Golding, P.C. an advanced payment retainer of $30,000.00, plus $1039.00 for the filing fees. Approximately $8000.00 has been expended pre-petition and applied to those pre-petition services.

    (b)    The Debtor has further been advised that the firm's hourly customary charges are as follows:

    Richard N. Golding    $395.00

5

       Jonathan D. Golding       $250.00

       Paralegals       $125.00

### IV    DISINTERESTEDNESS OF PROFESSIONALS

9.    To the best of the knowledge, information and belief of the Debtor, the aforesaid attorneys and their firm have no connection with the Debtor, the creditors of this estate or any other party in interest or accountants or other professionals. Richard N. Golding and Jonathan D. Golding are not relatives of, nor have been connected with any judge of the bankruptcy court for this district, nor the United States Trustee for this district, that would be prohibited by Rule 5002 of the Federal Rules of Bankruptcy Procedure.

10.    The Affidavit of Richard N. Golding as required under Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure, is attached hereto and made a part hereof.

### V    NOTICE

11.    Notice of this application has been given to the parties on the attached service list including the Office of the United States Trustee.

12.    No previous request for the relief sought herein has been made to this Court or any other court.

13.    A copy of the Debtor' proposed Order is attached hereto.

WHEREFORE, Debtor prays that an order be entered authorizing the employment of Richard N. Golding, Jonathan D. Golding, and The Golding Law Offices, P.C., as counsel to Brown's Chicken & Pasta, Inc. an Illinois corporation to represent it on a general retainer, and granting the Debtor such other and further relief as is just and equitable.

Respectfully submitted,

Brown's Chicken & Pasta, Inc., debtor


By:/s/Toni Portillo,
        Its President




Richard N. Golding, Esq. (ARDC 0992100)
THE GOLDING LAW OFFICES, PC
500 N, Dearborn Street, 2nd Floor
Chicago, IL 60654
Tel:  (312) 832-7885
Fax: (312) 755-5700
Email: rgolding@goldinglaw.net

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 11** |
| | ) | |
| Brown's Chicken & Pasta, Inc. | ) | |
| | ) | **Case No. 09-49094** |
| **Debtor** | ) | |
| | ) | |
| | ) | **Honorable** |

**AFFIDAVIT IN ACCORDANCE WITH
SECTION 327 OF THE BANKRUPTCY CODE AND
BANKRUPTCY RULE 2014**

STATE OF ILLINOIS     )
                     ) SS:
COUNTY OF COOK       )

Richard N. Golding, being first duly sworn on oath, deposes and says that he is a duly licensed and practicing attorney in the State of Illinois, Northern District of Illinois.

1. Affiant states that he believes that neither he nor The Golding Law Offices, P.C., hold an interest adverse to Brown's Chicken & Pasta, Inc., an Illinois corporation (the "Debtor") as Debtor or Debtor-in-Possession, or its estate. Affiant further states The Golding Law Offices, P.C has no connection with the Debtor (other than serving as pre-petition counsel in advising the Debtor on insolvency issues), its creditors, or with any other party in interest herein, or their Debtor attorneys or accountants.

8

2. Affiant further states that he is qualified to act as counsel for said Debtor and Debtor in possession.

3. Affiant had dealings with the Debtor prior to being retained for the purpose of offering financial advice in 2008 and prior to being retained for the purpose of filing the instant Chapter 11 proceeding. He is owed no fees for prior services. He has no relationship as employee, attorney or as a trustee in any bankruptcy case with the Office of the United States Trustee.

4. Affiant has received the sum as $30,000.00 as and for a retainer as security for fees to be due from Debtor, plus the sum of $1039.00 for court filing costs.

5. Affiant further states this affidavit is made in accordance with 11 U.S.C. § 327 and Bankruptcy Rule 2014.

FURTHER AFFIANT SAYETH NOT.

Dated:  December 29, 2009

/s/
Richard N. Golding

Subscribed and sworn to before
me this December 29,, 2009


Notary Public

My Commission Expires: