UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: ) Chapter 11
)
BROWN'S CHICKEN & PASTA, INC., ) Case No: 09-49094
)
Debtor. ) Honorable Jacqueline P. Cox
)

## COVER SHEET

NAME OF APPLICANT:    Stahl Cowen Crowley Addis, LLC

ROLE IN CASE:    Attorneys for Official Committee of Unsecured Creditors

DATE OF ORDER AUTHORIZING EMPLOYMENT:  June 1, 2010, retroactive to March 11, 2010

FEES AND EXPENSES PREVIOUSLY REQUESTED:    $103,201.34

FEES AND EXPENSES PREVIOUSLY AWARDED:    $102,280.64

CURRENT APPLICATION PERIOD:    January 1, 2011 through March 26, 2011

FEES REQUESTED:    $26,059.00

EXPENSES REQUESTED:    $11.67

| Name of Professional | Type of Professional | Rate | Hours Billed | Total |
|---|---|---|---|---|
| Scott N. Schreiber | Attorney | $450.00 | 24.4 | $10,980.00 |
| Shelly A. DeRousse | Attorney | $380.00 | 34.3 | $13,034.00 |
| Eric J. Malnar | Attorney | $275.00 | 4.4 | $1,210.00 |
| Catherine Kim | Attorney | $225.00 | 3.5 | $787.50 |
| Bruce Vanyek | Paralegal | $190.00 | 0.25 | $47.50 |
| | | **TOTALS:** | **68.15** | **$26,059.00** |

Dated:  April 25, 2011

Stahl Cowen Crowley Addis, LLC

By:  /s/ Shelly A. DeRousse
Counsel for Official Committee
of Unsecured Creditors

033363.0001 Doc#89 v.1    1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| BROWN'S CHICKEN & PASTA, INC., | ) | Case No: 09-49094 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |

**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF
EXPENSES AS COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED
CREDITORS BY STAHL COWEN CROWLEY ADDIS LLC, FOR THE PERIOD
JANUARY 1, 2011 THROUGH AND INCLUDING MARCH 26, 2011
AND FOR FINAL ORDER APPROVING ALL FEES AWARDED**

Stahl Cowen Crowley Addis LLC ("**SCCA**"), attorneys for the Official Committee of Unsecured Creditors ("**Committee**") of Brown's Chicken & Pasta, Inc., makes this interim Application for compensation for fees for services rendered and costs incurred for the period January 1, 2011 through and including March 26, 2011. SCCA applies for final compensation of fees for services rendered and costs incurred in this Chapter 11 proceeding. This application is filed pursuant to § 330 of Title 11 of the United States Code (the "**Bankruptcy Code**") and Bankruptcy Rule 2016 for professional services rendered to and on behalf of the Committee. This is the second fee application filed by the attorneys for the Committee and is neither an amendment nor a supplement to a previous fee application.

**REQUEST FOR ALLOWANCE OF COMPENSATION**

1.      By this second application, SCCA and the Committee seek the final allowance of $26,059.00 in fees for services rendered by SCCA on behalf of the Committee for the period of January 1, 2011 through March 26, 2011 (the "**Application Period**") and of all fees allowed by SCCA's First Application for Compensation and Reimbursement previously allowed by this Court on an interim basis.

033363.0001 Doc#89 v.1

2

2. During the Application Period, SCCA rendered 66.85 hours of professional services on behalf of the Committee. The time spent by Attorneys and Paralegals is as follows:

| Name of Professional | Type of Professional | Hours Billed |
|---|---|---|
| Scott N. Schreiber | Attorney | 24.4 |
| Shelly A. DeRousse | Attorney | 34.3 |
| Eric J. Malnar | Attorney | 4.4 |
| Catherine Kim | Attorney | 3.5 |
| Bruce Vanyek | Paralegal | 0.25 |
|  |  | 66.85 |

A complete accounting of the foregoing time is provided in Exhibit A.

3. SCCA believes that the requested fee of $26,059.00 for 66.85 hours worked is reasonable considering the twelve factors enumerated in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by In re First Colonial Corp. of America, 544 F.2d 1291 (5th Cir. 1977).

## REQUEST FOR REIMBURSEMENT OF EXPENSES

4. Actual expenses advanced by SCCA on behalf of the Committee from January 1, 2011 through March 26, 2011 total $11.67. The expenses are itemized in detail on Exhibit A.

## BILLING RATES

5. Primary counsel for the Committee has been Scott N. Schreiber and Shelly A. DeRousse. As of January 1, 2011, the standard rates charged by SCCA on routine, non-complicated matters, without considering the size and degree of responsibility, difficulty, complexity, and results achieved are as follows:

| Name of Professional | Type of Professional | Rate |
|---|---|---|
| Scott N. Schreiber | Attorney | $450.00 |
| Shelly A. DeRousse | Attorney | $380.00 |
| Eric J. Malnar | Attorney | $275.00 |
| Catherine Kim | Attorney | $225.00 |

| Bruce Vanyek | Paralegal | $190.00 |

6. Based on such rates and the detail of time provided in Exhibit A, the value of the professional services rendered in this case on behalf of the Committee during the time period of January 1, 2011 through March 26, 2011 is $26,059.00.

7. The rates charged by SCCA as set forth herein are customary for bankruptcy attorneys of similar skill and reputation. For services of the type rendered herein where those services were performed for a private client, SCCA would charge a reasonable fee for services rendered on an hourly rate or, in addition, a contingent or fixed fee basis. The fee requested by SCCA is comparable to those fees which would be charged to a private client for similar services rendered by SCCA.

8. The rates charged by the participating attorneys and paraprofessionals, as set forth in the Exhibit, are well within the range charged by attorneys of similar skill and reputation in the area of bankruptcy and commercial law.

## SUMMARY OF SERVICES RENDERED

9. During this compensation period, on behalf of the Committee, SCCA performed the following services which materially benefited the Debtor's estate and are more specifically described in Exhibit A:

   a. SCCA has held numerous teleconferences with representatives of the Committee to discuss the status of this case and strategy; prepared for and attended various hearings on all motions filed by the Debtor, the Committee, or other parties in interest, on behalf of the Committee.

   b. SCCA has reviewed numerous pleadings filed in this case and, in doing so, has advised the Committee of the impact and effect of each motion.

c. SCCA reviewed all proofs of claims to verify their legitimacy and prepared objections to claims wherever appropriate

d. SCCA prepared, assembled, and sent the ballots and solicitation package to all creditors and parties in interest for the Joint Plan of Reorganization of the Committee and the Debtor (the "**Plan**"), which was confirmed by this Court on March 15, 2011.

e. SCCA reviewed and resolved all objections to confirmation, all ballots filed by creditors, prepared and filed a ballot report, prepared for the confirmation hearing, attended and took the lead at the confirmation hearing, and otherwise facilitated the successful confirmation of the Debtor's Chapter 11 reorganization plan.

f. SCCA reviewed and attempted to resolve all objections to claims,

g. SCCA reviewed and analyzed claims of the purchaser of the Debtor's assets and has worked with the Debtor and the purchaser to try to resolve those claims.

h. SCCA has had numerous conversations and has made itself available to discuss issues in this case with the United States Trustee, the Debtor, its counsel, creditors and claimants, and other parties requesting information.

i. SCCA has reviewed its records in order to accurately prepare it previous interim application for compensation for fees and expenses incurred on behalf of the Committee.

10. SCCA has rendered the appropriate, necessary services to the Committee in this case.

11. Before SCCA's involvement, when the Committee was unrespresented, the case had been pending for about six months and was quickly heading toward dismissal or conversion,

because the Debtor was running out of cash. SCCA's work led to a very successful reorganization and has enabled the creditors to receive a significant payout pursuant to the Plan.

12. SCCA played a vital role in moving the Debtor to sell its assets for the benefit of the estate. SCCA also drafted the Plan, which was joined by the Debtor, and completed the Plan solicitation process and took the lead at the confirmation hearing.

## PROJECT SUMMARY

13. During the Application Period, SCCA has recorded the time spent by its attorneys and paralegals in five separate matters, based on the type of services provided, including General Bankruptcy Issues (29.15 hours), Sale of Assets (2.1 hours), Communication with Committee (1.8 hours), Plan of Reorganization (22.2 hours), and Fee Application (11.6 hours). A detailed explanation of the services SCCA performed within these matters from the period January 1, 2011 through March 26, 2011 is included in Exhibit A.

14. The number of hours spent on each matter broken down by professional is as follows for the relevant time period is as follows:

|  | General | Sale of Assets | Comm. | Plan of Reorg. | Engagmnt Matters | Fee Applic. |  |
|---|---|---|---|---|---|---|---|
| Scott N. Schreiber | 13.6 | 2.1 | 0.3 | 6.2 | 0 | 2.2 | **24.4** |
| Shelly A. DeRousse | 11.4 | 0 | 1.1 | 15.9 | 0 | 5.9 | **34.3** |
| Eric J. Malnar | 3.9 | 0 | 0.4 | 0.1 | 0 | 0 | **4.4** |
| Catherine Kim | 0 | 0 | 0 | 0 | 0 | 3.5 | **3.5** |
| Bruce Vanyek | 0.25 | 0 | 0 | 0 | 0 | 0 | **0.25** |
|  | 29.15 | 2.1 | 1.8 | 22.2 | 0 | 11.6 | **66.85** |

15. The legal questions arising in the representation of the Committee to date were not novel or difficult, but they did require the exercise of skillful application of Bankruptcy Code provisions relating to the matters considered. In order to perform the legal services enumerated herein properly, substantive legal knowledge in the fields of bankruptcy, commercial law, and debtor/creditor rights was required.

16. SCCA is aware of no other specific employment which was precluded as a result of its accepting this case. However, the efforts of SCCA were devoted to this case and SCCA was unable to devote that time to other matters, therein preventing SCCA from billing and collecting fees in other cases.

17. No specific time limitations were imposed by the Committee, but SCCA made all efforts to act expeditiously.

18. The amount requested by SCCA is not unreasonable in terms of awards in cases of like magnitude and complexity and the significant role the Committee played in the sale of the Debtor's assets and in drafting the plan of reorganization and disclosure statement. The fees required by SCCA comport with the mandate of the Bankruptcy Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.

## RESULTS ACHIEVED

19. When SCCA was retained to represent the Committee, the case had been pending for approximately 6 months, the Debtor was losing money on a cash flow basis, the creditors were preparing a motion for appointment of a Chapter 11 Trustee, the U.S. Trustee was suggesting on the Court record that converting the case to Chapter 7 might be necessary to protect the best interest of the creditors of the estate, the Debtor had little cash in its bank account, the Debtor had allowed the exclusive period to assume or reject contracts lapse, and the Debtor had let the exclusive period to file a plan of reorganization lapse without filing or even drafting a plan. As a result of the Committee's involvement in the case, the Debtor turned over a significant amount of documents to the Committee for review, including leases, franchise agreements, and financial information, the Debtor's President appeared for a deposition regarding the operations of the Debtor, the Debtor was convinced to sell its assets, the sale closed

and generated not only enough money to pay all administrative claims, but also a significant amount of money for distribution to the creditors of the estate.

20. SCCA and the Committee took on much more than a committee typically handles in a Chapter 11 case, by taking the lead in soliciting potential purchasers of the Debtor's assets, having extensive communications with such purchasers, and negotiating offers and by taking the lead in preparing a confirmable plan of reorganization and disclosure statement, which the Debtor joined.

21. The Committee members were actively involved in this case and SCCA spent a significant amount of time communicating with the Committee and other creditors, responding to their inquiries and keeping them apprised of the status of the case and various motions.

## PREVIOUS AWARDS OF FEES IN THIS CASE

22. SCCA's First Interim Fee Application was approved by the Court. The First Interim Fee Application requested the allowance of fees in the amount of $102,542.50 and expenses in the amount of $658.84. This Court allowed $101,656.50 in fees and $624.14 in expenses.

## RELIEF REQUESTED

23. By this Application, SCCA requests that the additional fees of $26,059.00 and expenses of $11.67 incurred during the time period January 1, 2011 through March 26, 2011 be allowed and paid in full by the Debtor, pursuant to the Plan, to the extent that such amount has not yet been authorized by this Court.

24. SCCA also requests that the fees and expenses previously allowed by the Court's order approving the First Interim Fee Application be paid in full, to the extent they have not already been paid, and allowed on a final basis.

**WHEREFORE** SCCA seeks (a) the final allowance and payment of $26,059.00 for services provided and $11.67 for expenses incurred between January 1, 2011 through March 26, 2011; (b) the payment of 100% of the allowed fees sought by this Final Fee Application, or up to $26,059.00, and 100% of the allowed expenses sought by this Final Fee Application, or up to $11.67; (c) the final allowance and payment of all previously allowed fees; and (d) for such other relief as this Court deems just and appropriate.

Dated:  April 22, 2011.

By: /s/ Shelly A. DeRousse
Shelly A. DeRousse

Stahl Cowen Crowley Addis, LLC
Counsel for Official Committee of
Unsecured Creditors of
BROWN'S CHICKEN & PASTA, INC.
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Tel: (312) 641-0060
Fax: (312) 641-6859

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document with all Exhibits is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case.

By: /s/ Shelly A. DeRousse
Shelly A. DeRousse

## VERIFICATION

The undersigned hereby states that she has read the foregoing **FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS COUNSEL FOR OFFICIAL COMMITTEE OF UNSECURED CREDITORS BY STAHL COWEN**

CROWLEY ADDIS LLC, FOR THE PERIOD JANUARY 1, 2011 THROUGH AND INCLUDING MARCH 26, 2011 AND FOR FINAL ORDER APPROVING ALL FEES AWARDED** and the statements contained therein are true and correct according to the best of her knowledge, information and belief.

Dated: April 22, 2011.

By: /s/ Shelly A. DeRousse
     Shelly A. DeRousse

Stahl Cowen Crowley Addis, LLC
Counsel for Official Committee of Unsecured Creditors of
BROWN'S CHICKEN & PASTA, INC.
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Tel: (312) 641-0060