UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BROWN'S CHICKEN & PASTA, INC., | ) | Case No: 09-49094 |
| | ) | |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **Tuesday, February 28, 2012** at **9:30 a.m.** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in **Courtroom 619**, United States Bankruptcy Court for the Northern District of Illinois at 219 South Dearborn Street, Chicago, Illinois, or before any other judge who may be sitting in her place and stead, and present the attached **Trustee's Motion for Entry of Final Decree Closing Case.**, at which time and place you may appear if you so desire.

Dated: February 21, 2012

                                                      Respectfully submitted,

                                                      Howard Korenthal, not individually
                                                      but as Liquidating Trustee

                                                      _/s/ Shelly A. DeRousse_
                                                      Attorney for the Liquidating Trustee

Scott N. Schreiber (ARDC #6191042)
Shelly A. DeRousse (ARDC #6274798)
Stahl Cowen Crowley Addis, LLC
55 W. Monroe St., Suite 1200
Chicago, IL 60603
312-641-0060 (phone)
312-423-8189 (direct fax)

## CERTIFICATE OF SERVICE

The undersigned, an attorney of record, hereby certifies that she electronically filed **Trustee's Motion for Entry of Final Decree Closing case** with the Clerk of Court using the CM/ECF filing system on this 21st day of February, 2012 and thus, caused a true and correct copy of the foregoing to be served on all attorneys of record via the Court's CM/ECF filing system.

By: /s/ Shelly A. DeRousse

Scott N. Schreiber (ARDC #6191042)
Shelly A. DeRousse (ARDC #6274798)
55 W. Monroe Street, Suite 1200
Chicago, Illinois 60603
(312) 641-0060
Facsimile: (312) 641-6959

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BROWN'S CHICKEN & PASTA, INC., | ) | Case No: 09-49094 |
| | ) | |
| | ) | Honorable Jacqueline P. Cox |
| Debtor. | ) | |

**TRUSTEE'S MOTION FOR ENTRY OF FINAL DECREE CLOSING CASE**

Howard Korenthal (the "**Trustee**"), as the Trustee of Liquidating Trust (the "**Liquidating Trust**") hereby moves the Court for entry of a final decree closing this bankruptcy case. In support of this motion, the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1.  This Court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

2.  The statutory predicates for the relief requested herein are Federal Rule of Bankruptcy Procedure 3022, Local Rule 3022-1, and §350 and Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**Background**

3.  On December 29, 2009, Brown's Chicken & Pasta, Inc. (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 15, 2011, the Court entered an order confirming the First Amended Plan of Reorganization Submitted by the Official Committee of Unsecured Creditors and the Debtor (the "**Plan**"). The Plan became effective on or about March 29, 2011 (the "**Effective Date**").

4. Pursuant to the Plan, the Liquidating Trust was established for the purpose of maintaining the assets from which distributions pursuant to the Plan are to be made, objecting to claims against the Debtor, pursuing claims of or collecting money owed to the Debtor, and making distributions to the creditors of the estate.

5. Since the Effective Date, the Trustee has asserted objections to claims scheduled or filed in the bankruptcy case. All of such objections have been resolved.

6. The Trustee has made distributions of most of the administrative priority claims as required under the Plan from the Liquidating Trust. The Trustee has a small amount of administrative priority distributions to make and, after they are complete, will distribute the remaining trust funds in the order of priority under the Plan and the Bankruptcy Code. The Trustee estimates that funds will be available to satisfy some but not all of the claims at the priority level and no general unsecured claims.

### Relief Requested

7. The Trustee requests that the Court issue a final decree closing this bankruptcy case as provided for in Bankruptcy Rule 3022.

8. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Rule 3022 of the Federal Rules of Bankruptcy Procedure further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Bankruptcy Rule 3022.

9. The term "fully administered" is not defined by either the Bankruptcy Code or the Bankruptcy Rules. The Advisory Committee Notes to Bankruptcy Rule

3022 set forth the following non-exclusive list of factors to consider to determine whether a case has been fully administered: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been transferred; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor [or its successor] has assumed the business or management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters and adversary proceedings have been finally resolved.

10. This case has been fully administered within the meaning of § 350 of the Bankruptcy Code, making it appropriate for the Court to enter a final decree closing the Chapter 11 case. The confirmation order became final and non-appealable on March 29, 2012, almost a year ago. The Debtor has transferred all the deposits required under the Plan to the Liquidating Trust, the Trustee has made distributions to most of the administrative priority creditors as required under the Plan, and all contested claims have been resolved. The Plan became substantially consummated upon the distribution of the estate's assets to the Trust, as required under the Plan.

11. The reason the Trustee has not filed this motion sooner is because there have been various claims pending against the Trustee and objections by the Trustee to certain claims. All of those issues have been resolved, with the exception of an adversary proceeding improperly filed against the Trustee by Popgrip, LLC. The Trustee is filing a Motion to Dismiss that adversary proceeding against the Trustee and the Debtor, to be heard in conjunction with this Motion.

12. The Trustee seeks the entry of a final decree closing the case with leave to reinstate if any unforeseen circumstances arise. After the entry of the final decree, the Trustee will continue to perform his duties under the Liquidating Trust, make the distributions required under the Plan, and otherwise enforce the terms of the Plan.

WHEREFORE, the Trustee respectfully requests that the Court enter an order (i) entering a final decree in this case; and (ii) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

HOWARD KORENTHAL, not individually but as Trustee of the Liquidating Trust established pursuant to the First Amended Plan of Reorganization Submitted by the Official Committee of Unsecured Creditors of Brown's Chicken & Pasta, Inc. and the Debtor

By:    /s/ Shelly A. DeRousse

Scott N. Schreiber, Esq. (Bar No. IL 6191042)
Shelly A. DeRousse, Esq. (Bar No. IL 6274798)
Stahl Cowen Crowley Addis, LLC
Attorneys for Howard Korenthal, not individually but as Trustee of the Liquidating Trust
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603
Tel.: 312-641-0060
Fax: 312-641-6959